**UNITED STATES DISTRICT COURT** FILED
DISTRICT OF MASSACHUSETTS CLERKS OFFICE

2012 NOV 20  A 11: 09

|  |  |
|---|---|
| **RICHARD SABOURIN**<br>Plaintiff, | U.S. DISTRICT COURT<br>DISTRICT OF MASS. |
| vs. | Civil Action No. |
| **RBS CITIZENS, N.A.**<br>Defendants, | |

## COMPLAINT FOR DAMAGES, AND OTHER RELIEF FOR VIOLATION OF M.G.L. c. 93A AND RELATED CLAIMS

**NOW COMES** the Plaintiff by and through its attorney, Neil Osborne, Esq. hereby complains and alleges a cause of action as follows:

### PARTIES & GENERAL ALLEGATIONS

1.  This is an action for a preliminary injunction, damages pursuant to M.G.L. c. 93A and other relief arising out of the breach of contract of by Defendant, RBS Citizens, N.A. The claims include, breach of contract, breach of covenant of good faith and fair dealing, tortious misrepresentation, gross negligence, civil conspiracy, violation of M.G.L. 93A, deceit, intentional infliction of emotional distress and violations of the Truth in Lending Act ("TILA"). The Defendant-Citizens refuse to compensate the Plaintiff despite its unequivocal contractual duty to do so. The Defendant-Citizen's unjustified and unexplainable obstinacy constitute a breach of its contractual obligations and an unfair and deceptive act in violation of Massachusetts General Laws chapter 93A, section 11.

2.  The loan agreement upon which this action is based was made and was to be performed in the County of Suffolk, Commonwealth of Massachusetts. That contract provides that the Commonwealth of Massachusetts is the proper venue for any action arising out of the agreement.

3.  Plaintiff, Richard Sabourin, (hereinafter "the Plaintiff"), at all times relevant, has
    been and continues to be a resident of 302 Neponset Valley Parkway, Readville
    Massachusetts 02136 and is the title owner of the real property situated at 302
    Neponset Valley Parkway, Readville Massachusetts 02136.

4.  Defendant, RBS Citizens, N.A., (hereinafter "Defendant-Citizens"), at all times
    relevant was a corporation organized under the laws of Rhode Island with its
    principal place of business located at 10561 Telegraph Road Glen Allen, VA
    23059 and branch offices located at 572 Columbia Road, Dorchester, MA 02125.

5.  Upon information and belief, Defendant-Citizens is a federally chartered savings
    bank, and is engaged in the banking business and in the business of conducting
    and administering mortgages of real property in the State of Massachusetts.

6.  Upon information and belief, CCO Mortgage, (hereinafter "CCO"), at all times
    relevant, was a division of Defendant-Citizens with branch offices located at 572
    Columbia Road, Dorchester, MA 02125 and is engaged in the banking business
    and in the business of conducting and administering mortgages of real property in
    the State of Massachusetts.

7.  This court therefore has jurisdiction of the above-captioned matter.

## FACTUAL ALLEGATIONS

8.  Plaintiff repeats and re-alleges paragraphs 1 through 7 of this Complaint and
    incorporates them herein by reference as though fully set forth herein.

9.  Plaintiff on or about October 1, 2009 applied for a mortgage with Defendant-
    Citizens for the purchase of a parcel of property located at 302 Neponset Valley
    Parkway, Readville, MA 02137, (hereinafter "the Property").

10. The Property is a three family structure.

2

11. At all times relevant, Plaintiff made complete and timely mortgage payments. The total price of the property was three hundred thousand ($300,000.00) dollars.

12. Plaintiff was approved by Defendant-Citizens for a purchase and rehab loan. The closing date for said loan was November 17, 2009. A copy of the duly executed closing documents demonstrating Defendant-Citizens' approval for a purchase and rehab loan for the premises located at 302 Neponset Valley Parkway, Massachusetts, is attached hereto and incorporated by reference herein as **Exhibit "A."**

13. The rehab loan was for the amount of sixty-one thousand and one hundred fifty ($61,150.00) dollars.

14. Plaintiff was continuously pressured to take the construction rehab loan by Defendant-Citizens' Loan Officer Steven Roussel (hereinafter "LO Roussel").

15. Plaintiff was told, on numerous occasions, that the rate, which was falling rapidly at the time, would be lowered if it continued to drop.

16. Plaintiff informed LO Roussel that Plaintiff was having trouble getting contractor for the rehab. LO Roussel informed Plaintiff that this was a problem and if Plaintiff did not get the contractor as soon as possible that Plaintiff would lose out on the mortgage.

17. Subsequently Plaintiff was told by LO Roussel that he knew a contractor and he highly recommended him because he used him on his properties.

18. Plaintiff was never provided with three (3) referrals as is Defendant-Citizens' customary policy.

19. Said contractor was called by the LO Roussel and given Plaintiff's telephone number.

20. The Contractor, Nick Maggio, (hereinafter "Contractor Maggio"), called Plaintiff and informed Plaintiff that he had to pay four hundred ($400.00) dollars in cash in advance for him to write the agreement in advance.

21. Plaintiff was presented a construction/rehab agreement with Contractor Maggio. A copy of the fax copy of the Agreement between Contractor Maggio and Plaintiff,is attached hereto and incorporated by reference herein as **Exhibit "B-Contractor Agreement."**

22. The complete terms and details of the rehab loan were never fully disclosed to Plaintiff.A copy of Plaintiff's email history,is attached hereto and incorporated by reference herein as **Exhibit "C-George Romano Email."**

23. Plaintiff, at a later date discovered that only ten (10%) of the rehab loan sould be paid to Contractor Maggio, however LO Roussel called the Plaintiff and insisted that seventeen thousand ($17,000.00) dollars be paid immediately to Contractor cause Contractor Maggio who refused to start the work until paid the initial seventeen thousand ($17,000.00) dollars. A copy of Plaintiff's email history is attached hereto and incorporated by reference herein as **Exhibit "D-Loan Officer Notes."**

24. Plaintiff further asserts that without his knowledge or consent LO Roussel made this private deal with Contractor Maggio on what the first payment would be.

25. Contractor Maggio informed Plaintiff that if Plaintiff did not put up the initial seventeen thousand ($17,000.00) dollars he would not start the work. Contractor Maggio then informed Plaintiff that LO Roussel promised him a month prior that Contractor Maggio would get this seventeen thousand ($17,000.00) dollars to start. Initially Plaintiff refused.

26. Defendant-Citizens authorized the release of said funds to Contractor Maggio. Upon the continued coercing by LO Roussel, Plaintiff agreed to the release under duress. Shortly thereafter, Contractor Maggio began the rehab work.

27. Plaintiff asserts, however, that after demolishing parts of the home, Contractor Maggio left the rehab work unfinished or unstarted. A copy of Plaintiff's email history,is attached hereto and incorporated by reference herein as **Exhibit "E-Contractor Notes."**

28. Plaintiff further asserts that Contractor Maggio dismantled the front porches and bolted the front door leaving no emergency egress for more than five months.

29. Plaintiff asserts that Contractor Maggio overran the deadlines as per the construction/rehab agreement resulting in no working lighting in several areas of the property, live dangling wires, no working smoke detectors.

30. Plaintiff further asserts that despite Defendant-Citizens' and Plaintiff's request to receive a construction schedule from Contractor Maggio, one was never received in violation of Defendant-Citizens' own escrow agreement.

31. Said escrow agreement states that Defendant-Citizens (lender)is responsible for verifying work completion.

32. Plaintiff asserts that Defendant-Citizens, at no time relevant, provided him with said verification(s).

33. The acts and/or admissions of Contractor Maggio resulted in including, but not limited to, structural damage to said property evidenced by cracks in the ceilings and walls of said property, faulty construction of the front porches, incorrect pitching of the floor causing cracking of the tiles in the bathrooms on all three floors, water and mold damage to the said property and extreme emotional distress to Plaintiff, his then pregnant wife, and their adolescent child.

34. After several attempts, Plaintiff has been unableto contact Contractor Maggio and Contractor Maggio has not responded to messages left for him by Plaintiff.

35. Plaintiff has had to hire a new contractor to fix and complete Contractor Maggio's unfinished work.

36. Plaintiff throughout the process remained in contact with Defendant-Citizens and CCOstaff in a continued effort to resolve the continuing issues of the uncompleted rehab.A copy of Plaintiff's email history,is attached hereto and incorporated by reference herein as **Exhibit "F-Bank/J.Moore Notes."**

37. Plaintiff asserts that he learned through discussions with Defendant-Citizens staff that Defendant-Citizens was suspicious that LO Roussel had referred Contractor Maggio to Plaintiff in violation of Defendant-Citizens' policy(ies).A copy of Plaintiff's email history,is attached hereto and incorporated by reference herein as **Exhibit "F –Selected J.Moore Notes."**

38. Plaintiff further asserts that he learned through discussions with Defendant-Citizens staff that Contractor Maggio, at all times relevant, was not properly insured in violation of Defendant-Citizens' policy(ies). A copy of Plaintiff's email history,is attached hereto and incorporated by reference herein as**Exhibit "F – Selected J. Moore Notes."**

39. Plaintiff asserts that he made numerous additional attempts to resolve this matter, yet, Defendant-Citizens has not offered or given Plaintiff any resolution to this matter even after initially admitting fault.  A copy of Plaintiff's email history is attached hereto and incorporated by reference herein as **Exhibit "G –Selected Bank Notes."**

40. Plaintiff asserts that he made subsequent attempts to settle this matter by and through his counsel's submission of a 93A demand letter. A copy of Plaintiff's 93A Demand Letter, is attached hereto and incorporated by reference herein as **Exhibit "H –Demand Letter.**

41. Plaintiff asserts that Defendant-Citizens denied his 93A Demand Letter. A copy of Defendant Citizen's 93A Demand Letter, is attached hereto and incorporated

6

by reference herein as **Exhibit "I –Defendant Citizen's Response to Plaintiff's Demand Letter.**

42. Plaintiff asserts that subsequent to his attempts to resolve this matter by and through his counsel's submission of a demand letter he started to receive several calls from the Defendant-Citizens and CCO.A copy of Plaintiff's phone call history is attached hereto and incorporated by reference herein as **Exhibit "J – Call Logs."**

43. Plaintiff asserts that upon counsel's suggestion, he sent cease and desist letters to the Defendant-Citizen's headquarter offices. A copy of Plaintiff's phone cease and desist letter with certified mail receiptis attached hereto and incorporated by reference herein as **Exhibit "K –Cease and Desist."**

44. Plaintiff asserts that upon Defendant-Citizens receipt of said cease and desist letter, Plaintiff continued to receive harassing calls from the defendants. A copy of Plaintiff's phone call history is attached hereto and incorporated by reference herein as**Exhibit "J –Call Logs."**

<u>**Count I:**</u>

<u>**Breach of Contract**</u>

Plaintiff v. Defendant-Citizens and CCO

45. Plaintiff hereby repeats and re-alleges the allegations set forth above in paragraphs 1 through 44 of this Complaint and incorporates them herein by reference as though fully set forth herein.

46. Defendant-Citizens and CCO entered into a construction/rehab loan agreement with Plaintiff regarding the construction and rehab of the premises located at 302 Neponset Valley Parkway, Massachusetts.

47. Defendant-Citizens and CCO breached the construction/rehab loan agreement with Plaintiff despite Plaintiff having proved consideration and/or having relied to its detriment on Defendant-Citizens' and CCO's promises.

**48.** As a result of the breach by Defendant-Citizens and CCO, Plaintiff suffered loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities, and other personal, professional and/or financial losses.

**Count II**

**Breach of Covenant of Good Faith and Fair Dealing**

Plaintiff v. Defendant-Citizens

**49.** Plaintiff hereby repeats and re-alleges the allegations set forth above in paragraphs 1 – 48 of this Complaint and incorporates them herein by reference as though fully set forth herein.

**50.** The conduct of Defendant-Citizens and CCO as described above constitutes a breach of the Covenant of Good Faith and Fair Dealing which is implied in every contract.

**51.** As a direct and proximate result of Defendant-Citizens' and CCO's conduct as described above, Plaintiff suffered financial loss and sustained damages.

**Count III**

**Tortious Misrepresentation**

Plaintiff v. Defendant-Citizens

**52.** Plaintiff hereby repeats and re-alleges the allegations set forth above in paragraphs 1 through 51 of this Complaint and incorporates them herein by reference as though fully set forth herein.

**53.** Defendant-Citizens and CCO made false statements of material fact to Plaintiff regarding the terms of the loan agreement for the construction and rehab of the premises located at 302 Neponset Valley Parkway, Massachusetts.

**54.** Defendant-Citizens and CCO made false statements of material facto to the Plaintiff.

**55.** Plaintiff did so rely thereon to his detriment.

**56.** The false statements made were:

(A) made as to facts susceptible of actual knowledge with knowledge of their untruth or with reckless disregard as to their truth;

(B) promissory in nature but made with a present intent not to comply therewith;

(C) promissory in nature and involved predictions as to future events but were made by parties with superior bargaining power as to matters of which said parties should have had superior knowledge;

(D) the knowing utterance of half-truths which were in effect, whole lies; and/or

(E) made in breach of Defendant-Citizens' and CCO's duty to exercise due care to reasonably determine that the statements made were true and accurate at the time they were made and that the true and accurate statements were made to Plaintiff.

**57.** As a direct and proximate result of Defendant-Citizens' and CCO's misrepresentation, Plaintiff suffered loss of income loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

## Count IV:

### Gross Negligence

Plaintiff v. Defendant-Citizens

**58.** Plaintiff hereby repeats and re-alleges the allegations set forth above in paragraphs 1 through 57 of this Complaint and incorporates them herein by reference as though fully set forth herein.

59. At all times relevant hereto, the Defendant-Citizens and CCO owed a duty of reasonable care to the Plaintiff to prevent foreseeable injuries that a contractor it referred and approved may cause others.

60. As alleged above, the Defendant-Citizens and CCO failed to exercise reasonable care to prevent said contractor from causing the Plaintiff's injuries.

61. As a result of the Defendant-Citizens' and CCO's negligence, Plaintiff suffered Plaintiff suffered loss of income loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

**Count VI**

**Civil Conspiracy**

Plaintiff v. Defendant-Citizens

62. Plaintiff hereby incorporate by reference the allegations set forth in paragraphs 1 through 61 of this Complaint.

63. By each and all of the above-described actions, Defendant-Citizens and CCO have acted in concert and combination pursuant to an agreement among each of them to injure Plaintiff.

64. Specifically, Defendant-Citizens' and CCO's along with Contractor Maggio participated in a scheme whereby the above-referenced parties, without Plaintiff's knowledge or consent, LO Roussel made a private deal with Contractor Maggio on what the Plaintiff's first payment would be.

65. Defendant-Citizens and CCO along with Contractor Maggio joined together in an unlawful and unfair manner, pursuant to a common design to injure Plaintiff.

66. As a result, the Defendant-Citizens and CCO are indebted to Plaintiff for all damages caused by their civil conspiracy plus interests and costs.

<u>**Count VII**</u>

<u>**Violation of Mass. Gen. L. c. 93A, §§ 2, 11**</u>

Plaintiff v. Defendant-Citizens

67. Plaintiff hereby repeats and re-alleges the allegations set forth above in paragraphs 1 through 66 of this Complaint and incorporates them herein by reference as though fully set forth herein.   At all times relevant hereto, the Plaintiff and the Defendant were engaged in trade or commerce.

68. Defendant-Citizens' and CCO's unjustified refusal to honor its contractual obligations under the loan agreement for the premises located at 302 Neponset Valley Parkway, Massachusetts constitutes unfair and/or deceptive acts or practices within the meaning of Mass.Gen.L. c. 93A, § 2.

69. Defendant-Citizens' and CCO's actions described herein were performed willfully and knowingly.

70. As a result of the above-described unfair or deceptive acts or practices, Plaintiff sustained injury.

<u>**Count VIII**</u>

<u>**Deceit**</u>

Plaintiff v. Defendant-Citizens

71. Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 70 of this Complaint.

72. Defendant-Citizens and CCO made misrepresentations as described above with knowledge of their falsity to induce Plaintiff to enter into a loan agreement for the construction and rehab of the premises located at 302 Neponset Valley Parkway, Readville, Massachusetts.

73. In reasonable reliance on Defendant-Citizens' and CCO's misrepresentations, Plaintiff suffered damages.

### Count IX:
### Intentional Infliction Of Emotional Distress
### Plaintiff v. Defendant-Citizens

74. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 73 above with the same force and effect as if herein set forth.

75. Defendant-Citizens, CCO, and their agents, intentionally and deliberately inflicted emotional distress on Plaintiff by after demolishing parts of the home, Contractor Maggio leaving the rehab work unfinished or un-started and dismantling the front porches and bolting the front door leaving no emergency egress for more than five months, during which, at all times relevant, Plaintiff, Plaintiff's then pregnant wife, and young child all resided at said property.

76. Defendant-Citizens and CCO, and their agents, intentionally and deliberately inflicted emotional distress on Plaintiff by continuously making phone calls and sending correspondence to the Plaintiff's residence after being instructed by Plaintiff's retained counsel to direct all communication to counsel.

77. As a result of Defendant-Citizens' and CCO's extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to the above-described incidents caused by the Defendant.

78. As a result of Defendant-Citizens' and CCO's extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

<u>**Count X:**</u>

<u>**Violation(s) of The Truth in Lending Act(TILA)**</u>

Plaintiff v. Defendant-Citizens

79. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 78 above with the same force and effect as if herein set forth.

80. Defendant-Citizens and CCO, and their agents, violated TILA by not making certain specific disclosures required by TILA.

    a. By failing to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C.§ 1638(b) and Regulation Z § 226.17(b).

    b. By failing to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a).

    c. By failing to include in the finance charge certain charges imposed by defendant payable by plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605and Regulation Z § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z § 226.18(d).

81. By reason of the aforesaid violations of the Act and Regulation Z, defendant is liable to plaintiff in the amount of twice the finance charge, actual damages to be established at trial, and attorneys fees and costs in accordance with 15U.S.C. § 1640.

**WHEREFORE**, the Plaintiff prays for judgment as follows:

    A. Assume jurisdiction of this case.

B. Award statutory damages in the amount of twice the finance charge not to exceed $1000 in accordance with 15 U.S.C.§ 1640(a)(2).
C. Award Plaintiff compensatory damages in an amount which may be proven at trial, together with prejudgment interest and reasonable attorneys' fees.
D. Award Plaintiff its costs and expenses incurred in this action, including reasonable attorneys, accountant, expert fees and punitive damages.
E. Award multiple damages to Plaintiff pursuant to Mass.Gen.L.c. 93A;
F. Award Plaintiff such other and further relief as this Honorable Court may deem just and proper.

### PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE

Plaintiff
Richard Sabourin
By His Attorney,


Neil Osborne, Esq.
BBO#567674
Law offices of Neil Osborne, P.C.
44 School Street, Suite 515
Boston, MA 02108
Telephone:(617) 482-1160

DATED: November 19, 2012        Facsimile: (617) 426-1617

14